### 343.  SMITH *v.* SHEPPARD.

1. " The husband can make a gift to his own wife, although she lives in the same house with him,  . . as easily as he can make a present to his neighbor's wife," and when such gift is made in good faith, and consummated by delivery and acceptance, it can not thereafter be defeated by a sale made by the husband.
2. In a contest between the wife, as donee, and a subsequent purchaser from the husband, the burden is on the former to show the gift and its validity.
3. Whether this burden was successfully carried in this case should have been submitted to be determined by the jury, and the direction of a verdict for the defendant was erroneous.

Trover, from city court of Blakely—Judge Jordan.   October 16, 1906.

Argued May 13,—Decided June 19, 1907.

*W. I. Geer, Arnold & Arnold, J. B. Ridley,* for plaintiff.
*Pottle & Glessner,* for defendant.

HILL, C. J.   1. In *McNaught* v. *Anderson,* 78 *Ga.* 503, 3 S. E. 668, 6 Am. St. R. 278, Chief Justice Bleckley declares, speaking for the court, that "the legal unity of husband and wife has, in Georgia, for most purposes been dissolved, and a legal duality established.  A wife is a wife, and not a husband, as she was formerly.   Legislative chemistry has analyzed the conjugal unit, and it is no longer treated as an element, but as a compound.  A husband can make a gift to his own wife, although she lives in the house with him and attends to her household duties, as easily as he can make a present to his neighbor's wife.   This puts her on an equality with other ladies, and looks like progress."   Therefore a husband can make a valid gift of a personal chattel, such as a horse, to his wife, although she may be living with him ; and such a gift, when consummated by delivery to the wife and acceptance by her, will be upheld by the court, unless made with fraudulent intent.   Civil Code, § 3564.

2, 3. When the husband makes a gift to the wife of a personal chattel, bona fide and without any fraudulent intent, and the gift is consummated by delivery and acceptance, he can not subsequently deprive the wife of such gift by a conveyance of the personal chattel to a third party. In a contest between the wife and a subsequent purchaser of such personal chattel from the husband, the presumption would be that the gift to the wife by the husband was made with intent to defraud the purchaser, and the burden would be upon the wife to show the bona fides of the gift. The provision of the statute of Elizabeth, as codified in the Civil Code, §3530, that a voluntary conveyance is void as against subsequent bona fide purchasers for a valuable consideration, without notice, is not a general rule of law without an exception. The exception to this general rule is where the evidence rebuts the presumption of fraud against the gift and clearly establishes its bona fides. We think this exception is clearly pointed out in the case of *Howard* v. *Snelling*, 32 *Ga.* 195, and in the case of Cathcart v. Robinson, 5 Pet. 279, 8 L. ed. 120. This must be the law, else there would be presented an irreconcilable conflict between section 3564 of the Civil Code, which defines a valid gift, and section 3530, as to the rights of bona fide purchasers against voluntary conveyances. The law's purpose is to prevent a fraud by the donor upon the donee in the subsequent sale, as well as to prevent a fraud upon the purchaser by the previous gift. There was conflict in the evidence in this case as to the making of the gift by the husband to the wife and its consummation. There was no evidence that, if the gift was made and consummated, there was any fraudulent intent on the part of the husband as against the subsequent purchaser. The gift, if made, was consummated, according to the evidence of the plaintiff, two years prior to the sale of the horse by the husband to the purchaser. In the language of Mr. Justice Jenkins, in *Howard* v. *Snelling*, supra, this was "a very long incubation of a fraudulent intent." Whether the gift was made, and its consummation and bona fides, under the evidence in this case, should have been submitted to the jury to be determined by them. The direction of the verdict for the defendant was error.

*Judgment reversed. Powell, J., disqualified.*